# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER RICHARD CLEVELAND, )<br>)<br>Plaintiff , )<br>)<br>v. )<br>)<br>TALLADEGA COUNTY JAIL, *et al.,* )<br>)<br>Defendants. ) | Case No. 1:12-cv-02574-CLS-JEO |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Christopher Richard Cleveland, has filed a *pro se* second amended complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at the Talladega County Jail in Talladega, Alabama. Plaintiff has since been released from custody. Plaintiff names as defendants Lieutenant Scott Bonner, Sergeant Jeff Mathis, Sergeant Timothy Craft, Officer Terry Gallagher, and Nurse Lindsay McDonald. Plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by

prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On May 9 and 21, 2012, Sergeant Timothy Craft refused to allow plaintiff to go to the law library. (Second Amend. Compl., Attach. 1 at 3-4.)

On May 23, 2012, plaintiff was attacked by Jerome Lee, a mentally ill inmate. (Second Amend. Compl. at 3.) Plaintiff claims that Lieutenant Scott Bonner placed Lee in general population, knowing Lee was mentally ill and prone to violent behavior. *Id*. at 3-4. Plaintiff further claims that Officer Terry Gallagher placed Lee in the same room with plaintiff after the attack. *Id*. at 4. Gallagher was also aware of Lee's mental illness and violent propensities. *Id*. Nurse Lindsay McDonald failed to

give plaintiff proper medical treatment for his injuries after Inmate Lee attacked him. (Second Amend. Compl. at 4-5.)

On June 29, 2012, Jeff Mathis failed to remove Inmate Lee from Charlie Dorm after plaintiff informed Mathis that Lee was attempting to attack him again. *Id*. at 5.

## DISCUSSION

A. Injunctive Relief.

Plaintiff requests injunctive relief for defendants' alleged violation of his constitutional rights. (Doc. 12.) However, "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). Because plaintiff is no longer incarcerated at the Talladega County Jail and has alleged no present injury or immediate threat of repeated injury, his request for injunctive relief is moot.

B. Fourteenth Amendment – Access to Courts.

Plaintiff alleges that Sergeant Timothy Craft denied him access to the law library on May 9 and 21, 2012. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment assures inmates of a right of meaningful access to the courts, which may include providing indigent inmates with

access to a law library. *See Bounds v. Smith*, 430 U.S. 817 (1977). It is now clear, however, that in order to prevail on a claim that his right of access to courts has been violated, an inmate must establish prejudice, *i.e.*, that "his efforts to pursue a legal claim" were "hindered." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*.

Following *Lewis v. Casey*, a "plaintiff must allege that the denial of access proximately caused some prejudice to a legal claim," in order to adequately state a denial of access to the courts claim. *Heister v. Kralik*, 981 F. Supp. 830, 840 (S.D.N.Y. 1997). As the Eleventh Circuit Court of Appeals has explained:

> With respect to access-to-court claims, *Lewis* clarifies that a plaintiff first must show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id*. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal,

> habeas petition, or civil rights case that results from actions of prison officials. *See id*. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Id*.

*Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

In the present case, plaintiff does not allege that he has been prejudiced in any way due to Craft's failure to allow him access to the library on these two occasions. Therefore, plaintiff's Fourteenth Amendment access to court claim against Defendant Craft is due to be dismissed for failing to state a claim upon which relief may be granted.

C.   <u>Fourteenth Amendment – Failure to Protect & Denial of Adequate Medical Care</u>.

Plaintiff alleges that Defendant Bonner placed Inmate Lee in general population even though Bonner was aware that Lee was mentally ill and prone to violent behavior. As a result, Inmate Lee attacked plaintiff on May 23, 2012. Plaintiff further alleges that on the same day, Defendant Gallagher placed Inmate Lee in the same dorm with plaintiff after the attack, knowing Lee was mentally ill and

violent. Plaintiff contends that Defendant McDonald failed to give him proper medical attention after he was assaulted. On June 29, 2012, Defendant Mathis disregarded plaintiff's claim that Inmate Lee was trying to attack him again.

To the extent plaintiff alleges that Defendants Bonner, Gallagher, and Mathis failed to protect him from an inmate attack or disregarded a serious risk of harm to him in violation of the Fourteenth Amendment, such claims are due to be referred to the undersigned for further proceedings. Plaintiff's claim against Defendant McDonald for inadequate medical treatment in violation of the Fourteenth Amendment is also due to be referred to the magistrate judge for further proceedings.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's Fourteenth Amendment access to courts claim against Defendant Craft be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further RECOMMENDS that plaintiff's Fourteenth Amendment failure to protect claims against Defendants Bonner, Gallagher, and Mathis be referred to the undersigned magistrate judge for further proceedings. The magistrate judge also RECOMMENDS that plaintiff's Fourteenth Amendment medical care claim against Defendant McDonald be referred to the undersigned for further proceedings.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

**DATED**, this 13th day of May, 2013.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge